# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SINISA MURATOVIC, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 16 C 6427 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

On August 12, 2019, petitioner Sinisa Muratovic, by counsel, filed an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court denies Muratovic's amended § 2255 motion and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). [26]

**Background**

On July 7, 2011, Muratovic entered into a blind plea of guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 1), attempt to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (Count 2), and knowingly carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count 3). The Court sentenced Muratovic to a total term of 90 months in prison on December 8, 2011.

Muratovic appealed his conviction and sentence arguing (1) there was no factual basis for Hobbs Act jurisdiction, (2) there was no factual basis for the attempt Hobbs robbery conviction, and (3) that conspiracy to violate the Hobbs Act is not a crime of violence under § 924(c). The Seventh Circuit affirmed Muratovic's conviction and sentence on June 25, 2013.

Thereafter, Muratovic filed a timely motion to vacate, set aside, or correct his sentence under § 2255 and followed-up with an amended § 2255 motion on August 12, 2019. In his amended

motion, Muratovic argues that the Court should vacate his § 924(c) conviction because the predicate offenses of attempted Hobbs Act robbery and conspiracy to commit a Hobbs Act robbery are not "crimes of violence" under the "elements" or "force" clause of 18 U.S.C. § 924(c)(3)(A). Because the government concedes that conspiracy to commit a Hobbs Act robbery is not a crime of violence under the elements clause, the Court will proceed to whether the other predicate offense, attempted Hobbs Act robbery, is a crime of violence under the elements clause.

**Legal Standard**

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Swanson v. United States,* 692 F.3d 708, 714 (7th Cir. 2012) (citation omitted). A § 2255 motion is not a substitute for a direct appeal nor is it a means by which a defendant may appeal the same claims a second time. *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017).

**Discussion**

*Waiver and Procedural Default*

The government first argues that because Muratovic pleaded guilty, he has waived his argument that his attempted Hobbs Act robbery is not a crime of violence under § 924(c)'s element

2

clause. *See United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017) ("an unconditional guilty plea waives any contention that an indictment fails to state an offense."). Anticipating the Supreme Court's decision in *Class v. United States,* 139 S. Ct. 798 (2019), in which the Supreme Court ultimately held that an unconditional guilty plea does not waive a defendant's right to contest the constitutionality of the statute of conviction, the *Wheeler* court explained "[w]hether attempted Hobbs Act robbery satisfies the elements clause in § 924(c) is a statutory issue" and not a constitutional one. *Id.* at 745. Thus, Muratovic's reliance on the *Class* decision is misplaced. In sum, because a "defendant must argue before trial or pleading guilty that the indictment does not state an offense," *United States v. Starwalt*, 701 Fed.Appx. 508, 509 (7th Cir. 2017), Muratovic has waived his argument that his attempted Hobbs Act robbery conviction is not a crime of violence under the elements clause of § 924(c).

Muratovic has also procedurally defaulted his argument that his conviction for attempted Hobbs Act robbery is not a crime of violence under § 924(c) because he failed to raise this issue on direct appeal to the Seventh Circuit. *See United States v. Muratovic*, 719 F.3d 809, 817 (7th Cir. 2013) ("Muratovic has not argued that attempted Hobbs Act robbery falls outside the scope of § 924(c) so his conviction under § 924(c) must stand even if we accepted his argument that conspiracy to commit Hobbs Act robbery is not a crime of violence."). To overcome this procedural default, Muratovic must demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *See Farmer v. United States*, 867 F.3d 837, 842 (7th Cir. 2017); *Delatorre*, 847 F.3d at 843. Muratovic has failed to establish either exception to his procedural default.

*Attempted Hobbs Act Robbery*

Setting aside Muratovic's waiver and procedural default, the government argues that an attempted Hobbs Act robbery satisfies the elements clause of § 924(c)(3)(A). Although the Seventh

3

Circuit has yet to hold that attempted Hobbs Act robbery is a crime of violence under the elements clause,[1] it has held that "Hobbs Act robbery is a categorical crime of violence under § 924(c) because it has as an element the actual, attempted, or threatened use of force." *Haynes v. United States*, ---F.3d ----, 2019 WL 4071630, at *5 (7th Cir. Aug. 29, 2019). In the context of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Seventh Circuit has also concluded "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony." *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017). The *Hill* decision adopted Judge Hamilton's reasoning in his concurrence in *Morris v. United States*, 827 F.3d 696, 699 (7th Cir. 2016), in which he explained "[i]f the completed crime has as an element the actual use, attempted use, or threatened use of physical force against the person or property of another, then attempt to commit the crime *necessarily* includes an attempt to use or to threaten use of physical force against the person or property of another." (emphasis in original). After Judge Hamilton's concurrence in *Morris*, the Seventh Circuit has reaffirmed his reasoning. *See United States v. Armour*, 840 F.3d 904, 909 n.3 (7th Cir. 2016) ("An attempt conviction requires proof of intent to carry out all elements of the crime, including, for violent offenses, threats or use of violence.").

The reasoning in *Hill* and *Morris* is equally applicable to attempted Hobbs Act robbery. Applying the reasoning in *Hill*, the Eleventh Circuit concluded:

> Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes "attempted use" of force. Therefore, because the taking of property from a person against his will in the forcible manner required by § 1951(b)(1) necessarily includes the use, attempted use, or threatened use of physical force, then by extension the attempted taking of such property from a person in the same forcible manner must also include at least the "attempted use" of force.

---

[1] Whether attempted Hobbs Act robbery is a crime of violence under the elements clause, 18 U.S.C. § 924(c)(3)(A), is presently before the Seventh Circuit in *Velez v. United States*, 17-1034 (lead case). Although these consolidated cases are fully briefed, the Seventh Circuit has yet to set an oral argument date.

*United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018); *see also United States v. Francies*, No. 16 C 5531, 2019 WL 4120444, at *6 (N.D. Ill. Aug. 28, 2019) ("convictions for attempts to commit Hobbs Act robbery—a violent crime—is itself a crime of violence") (citing *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017)); *see, e.g., United States v. Sutton*, No. 18 C 172, 2019 WL 1652084, at *2 (N.D. Ind. April 17, 2019). Based on this persuasive authority, attempted Hobbs Act robbery qualifies as a crime of violence under the elements clause, 18 U.S.C. § 924(c)(3)(A).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *Klikno v. United States*, 928 F.3d 539, 547 (7th Cir. 2019). In cases where a district court denies a § 2255 motion on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473, 485, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016).

Because Muratovic has not demonstrated that reasonable jurists would find it debatable that the Court's ruling concluding Muratovic waived and procedurally defaulted his § 924(c) argument was correct, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). [26].

SO ORDERED

_____
Sharon Johnson Coleman
United States District Judge

DATED: 10/2/2019